No. 14892

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

_____

IN THE MATTER OF STEVEN DUANE HARDY,
                    Petitioner.

_____

ORIGINAL PROCEEDING:

Counsel of Record:

    For Petitioner:

        Michael J. Whalen, Billings, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Harold Hanser, County Attorney, Billings, Montana

_____

Submitted on Briefs:   June 25, 1980

Decided: AUG 6 - 1980

Filed: AUG 6 - 1980

Thomas J. Kearney
                                        Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

In August 1974 petitioner was convicted of robbery on a plea of guilty. In July 1979 petitioner instituted an original proceeding in this Court for post-conviction relief, seeking leave to withdraw his plea of guilty. This Court remanded the matter to the District Court with directions to conduct a hearing and to determine the merits of the petition. The District Court, after hearing, denied the request for leave to withdraw the plea, and petitioner appeals.

On July 2, 1974, a Kwik Way store in Billings, Montana, was robbed. Petitioner was arrested the following morning. On July 15, 1974, petitioner appeared with appointed counsel and entered a plea of not guilty before the District Court. On July 31, 1974, petitioner appeared before the District Court and moved to change his plea to guilty. At that time petitioner was not advised by the District Court of the nature of the charge, the rights waived by a plea of guilty, or potential punishment. Defense counsel did, however, tell the court that he had advised petitioner of the possible maximum penalty of forty years in prison. The court accepted the plea and set sentencing before another district judge for August 14, 1974, which was later continued to August 26.

In the time between arraignment and sentencing, the sentencing judge, the Honorable Charles Luedke, became aware of a letter written by petitioner to the county attorney in which petitioner asserted his innocence. Judge Luedke, therefore, engaged petitioner in an extended discussion of the nature of the charge, the consequences of his plea, and his reasons for pleading guilty. Petitioner admitted being

in the car with the robbers and sharing the proceeds with them. He also admitted that he had prior knowledge that the robbery would take place. The judge advised petitioner that his plea constituted a waiver of several constitutional rights, such as the right to trial by jury, right to confront and cross-examine witnesses, and the right to remain silent. The judge informed petitioner that the plea would probably result in a sentence of confinement in the state prison. Judge Luedke on two occasions offered petitioner further time to consider his plea, which petitioner refused. Finally, the judge advised petitioner that he had the right to a jury trial and that a jury might find him not guilty on the facts before the court. Petitioner nonetheless refused to withdraw his guilty plea.

The sole issue before this Court is whether the trial court committed error in denying petitioner's post-conviction request to withdraw his plea of guilty.

In State v. Haynie (1980), ____ Mont. ____, 607 P.2d 1128, 1131, 37 St.Rep. 415, 419, this Court held:

> "A change of plea will be permitted only if it fairly appears the defendant was ignorant of his rights and the consequences of his act, or he was unduly and improperly influenced either by hope or by fear in making the plea, or if it appears the plea was entered under some mistake or misapprehension. State v. McAllister (1934), 96 Mont. 348, 353, 30 P.2d 821, 823."

This has been the long-standing rule in Montana. In applying it to the case before us, we find that the decision of the District Court must be sustained.

Judge Luedke provided petitioner every opportunity to consider his action, the consequences of the plea and the rights he could exercise. Looking to the record, we find that the District Court was very careful and explicit in its discussions with petitioner:

"JUDGE LUEDKE: Well, Mr. Cunningham, are you satisfied in your own mind that your participation in this whole transaction was sufficient that you are actually guilty, that you did take part in the robbery by aiding and by abetting or by actively participating, any of them?"

Further, the judge gave an extensive explanation to petitioner regarding his right to a jury trial, his right to remain silent, the right to cross-examine and the right to confront the witnesses and evidence against him.

We are also persuaded by the fact that petitioner was assisted by legal counsel at every point in the criminal procedure. Although petitioner bases his appeal in part on the assertion that his plea was the product of a fundamental mistake in his legal understanding, Judge Luedke made a special effort to guarantee that petitioner was aware of the consequences of his plea and the fundamental principles of law involved. In its memorandum accompanying the order denying the motion to withdraw the plea, the District Court stated:

"Assuming that the charge against the attorney is more than adumbration, it is apparent from the record that the defendant's claim was the very concern the court had at the time of sentencing; and is the reason why defendant was queried in the context of 'aiding and abetting'; and why it was suggested that a jury could possibly find him not guilty; and why he was offered on more than one occasion further time to discuss and consider the matter. It was the conclusion of the court at that time that the defendant knew what he was doing and wanted to do it. The new hearing has produced the same factual picture as was before the court on August 26, 1974."

The record reveals that petitioner was accorded every consideration but declined to reconsider his action.

Sitting without a jury, the trial judge, as finder of fact, is as fully entitled to believe or disbelieve a defendant's assertions as a jury would be. State v. Hilton

(1979), ___ Mont. ____, 597 P.2d 1171, 1174, 36 St.Rep. 1314, 1319. In light of petitioner's continual insistence on a guilty plea and the evidence against him, we find a completely adequate basis for the District Court's factual conclusions. From petitioner's own testimony there is sufficient admission to warrant the court's decision: "The only reason I have for participating in this crime is I needed money to get to Texas."

Our view of the applicable law in this case is supported by several of our recent decisions. In re Brown (1980), ___ Mont. ____, 605 P.2d 185, 37 St.Rep. 65; State v. Haynie, supra; State v. Doty (1977), 173 Mont. 233, 566 P.2d 1388; and State v. Griffin (1975), 167 Mont. 11, 535 P.2d 498. The importance of these decisions, as they apply to the case at bar, is that it is the sole province of the trial court to determine whether a motion to withdraw a guilty plea should be granted. The abuse of discretion required to reverse the lower court is not present in this case.

Affirmed.

Justice

We concur:

Chief Justice

Justices

-5-