No. 80-156

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

STATE OF MONTANA,

Plaintiff and Respondent,

vs.

ALVIN L. ROBINSON,

Defendant and Appellant.

Appeal from: District Court of the Ninth Judicial District,
In and for the County of Toole.
Honorable R. D. McPhillips, Judge presiding.

Counsel of Record:

For Appellant:

Randono, Lewis and Donovan, Great Falls, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Rae Kalbfleisch, County Attorney, Shelby, Montana

Submitted on Briefs: October 9, 1980

Decided: NOV 19 1980

Filed: NOV 19 1980

Thomas J. Kearney
Clerk

Mr. Justice John C. Harrison delivering the Opinion of the Court.

Alvin Robinson was convicted of burglary and theft on June 19, 1975, in the Toole County District Court. He received ten-year sentences on each count, with the sentences to run concurrently. The District Court suspended the defendant's sentence and placed him on probation. On December 5, 1979, the Toole County Attorney filed a petition for revocation of the 1975 suspended sentence. After a hearing on the revocation petition, the District Court revoked two of the remaining five years of Robinson's sentence. This appeal follows. We affirm.

On the evening of October 29, 1979, a fight took place between two patrons of Bill's Bar in Sweetgrass, Montana. The Toole County Sheriff's Department was notified and two officers, deputies Robins and Navratil, responded. When the officers arrived, Robinson and another man were standing outside the tavern. At the outset, Robinson indicated to Navratil that the officers were unwelcome and made it clear that he (Robinson) intended to take an active role in resisting police interference in the barroom fight. As Officer Navratil attempted to restrain one of the participants in the fight, the defendant began to pull the officer away. At that point, Navratil struck Robinson with his nightstick. Robinson's companion, Carl Brickel, threw a bar stool at Navratil and was placed under arrest.

Outside the bar the officers had just put Brickel into the squad car when Robinson appeared stating that he would have Navratil's job. He was then arrested for interference with the arrest of the man inside the bar, who had resumed his fight when the officers arrested Brickel. The defendant was handcuffed and placed in the back seat of the squad car.

-2-

He then proceeded to kick at the window of the car until Officer Navratil opened the door lest the window be broken. With the door open, Robinson rolled out of the car, and the officers placed him in the front seat. It is uncontroverted that defendant had back problems which had recently been treated, and he complained of the pain caused by having his hands cuffed behind his back. Navratil offered to handcuff his hands in front if he agreed to cease his hostilities. As the officer removed the right handcuff, Robinson leaned back on the seat and kicked Navratil in the left temple, breaking his glasses and causing various minor injuries. Robinson started to swing at the officer then pulled the door shut and locked it from the inside. Officer Navratil restrained Robinson after gaining access by means of the back door.

During the course of his arrest and transportation to Shelby, Robinson damaged the police radio, spit on Officer Navratil and threatened to kill him. Based on the events of October 29, the District Court revoked two years of defendant's suspended sentence and ordered him incarcerated in the state prison at Deer Lodge.

Robinson argues on appeal that the District Court was unwarranted, as a matter of law, in revoking his suspended sentence and abused its discretion in so doing. We do not agree.

Section 46-18-203, MCA, provides:

"Revocation of suspended or deferred sentence. A judge, magistrate, or justice of the peace who has suspended the execution of a sentence or deferred the imposition of a sentence of imprisonment under 46-18-201 or his successor is authorized, during the period of the suspended sentence or deferred imposition of sentence, in his discretion, to revoke the suspension or impose sentence and order the person committed. He may also, in his discretion, order the prisoner placed under the jurisdiction of the board of pardons as provided by

law or retain such jurisdiction with his court.
Prior to the revocation of an order suspending
or deferring the imposition of sentence, the
person affected shall be given a hearing."
(Emphasis added.)

Alvin Robinson read and signed a copy of the Board of

Pardons' Rules of Parole and Probation which reads in pertinent

part:

"The parolee and probationer shall respect
and obey the law and at all times be a good
citizen."

Further, the District Court ordered that sentence be suspended

and conditional upon the good behavior of the defendant.

The gist of defendant's claim before this Court is that

the District Court abused its discretion when it found that

Robinson violated the terms of his parole by and through his

conduct on the night of October 29, 1979. Specifically, the

District Court found that Robinson's 1975 suspended sentence

was "conditioned upon said defendant's good behavior."

Robinson argues that the "good behavior" language added

nothing to the requirement that the probationer shall obey

the law.

The term "good behavior" as used in the order means in

obedience to and conformity with the laws of this State;

having the demeanor of a law-abiding citizen. State v.

Millner (1954), 240 N.C. 602, 83 S.E.2d 546. It is apparent

to this Court that a violation of the law, by a person who

is at liberty by virtue of the mercy of the District Court,

cannot be considered "good behavior." The District Court

may, as a province of its discretionary powers, under section

46-18-201, MCA, suspend a criminal sentence. It follows,

therefore, that the court may, pursuant to section 46-18-

203, MCA, revoke its benevolent decision when it becomes

apparent that the defendant does not merit further liberty

or beneficence.

-4-

The District Court's initial decision to place Robinson on probation was a decision to forego complete denial of liberty in favor of a period of restricted and conditional liberty in hopes that the defendant's freedom would best serve the purposes of rehabilitation. The inquiry at any probation revocation hearing is whether the purposes of rehabilitation are being achieved, and whether, by virtue of subsequent criminal conduct or evidence that the defendant's behavior was not in compliance with the rules and objectives of his probation, the purposes of probation are best served by continued liberty or by incarceration. Barker v. Ireland (1964), 238 Or. 1, 392 P.2d 769.

Robinson was expected to walk the "straight and narrow" and conduct himself in a manner which would justify the District Court's leniency. The facts presented to or coming before the district judge need not establish guilt beyond a reasonable doubt. All that is required is that the facts before him be such that the judge is reasonably satisfied that the conduct of the probationer has not been what he agreed it would be if he were given liberty. See Scott v. State (1965), 238 Md. 265, 208 A.2d 575; Henry v. State (1974), 20 Md.App. 296, 315 A.2d 797; In Re Anonymous (1972), 16 Ariz.App. 597, 494 P.2d 1342. A revocation proceeding is not a criminal adjudication and does not require proof of a new criminal offense to justify revocation since it merely cancels a prior act of grace. State v. Eckley (1978), 34 Or.App. 563, 579 P.2d 291, cited with approval in State v. Oppelt (1979), ____ Mont. ____, 601 P.2d 394, 36 St.Rep. 1832. See also State v. Baca (1969), 80 N.M. 527, 458 P.2d 602. Alvin Robinson's conduct on the night of October 29, 1979, was inexcusable, and his actions gave the District Court ample

reason to revoke his suspended sentence.

We conclude, as we did in Petition of Meidinger (1975), 168 Mont. 7, 539 P.2d 1185, that we cannot overturn a District Court's decision to revoke a suspended sentence without a showing that the court abused its discretion. No such showing has been made here.

Accordingly, we affirm.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices