**Paul COLLINS, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. 85–96.**

Supreme Court of Wyoming.

Jan. 15, 1986.

* Retired November 30, 1985.

Leonard Munker, State Public Defender, Gerald M. Gallivan, Director, Wyoming Defender Aid Program, and John D. Whitaker, Student Intern, Wyoming Defender Aid Program, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., Sylvia Lee Hackl, Asst. Atty. Gen., and David L. Christian, Student Intern, for appellee.

Before THOMAS, C.J., and ROONEY,* BROWN and CARDINE, JJ., and GUTHRIE, J., Retired.

ROONEY, Justice.

This is a probation revocation case in which appellant contends that his probation was improperly revoked. He words the issues on appeal as follows:

"I. IS THE USE OF HEARSAY EVIDENCE AT A PROBATION REVOCATION HEARING PROPER WHEN USED BY THE COURT TO DETERMINE THAT THE PROBATION AGREEMENT HAS BEEN VIOLATED?

"II. DID THE COURT ABUSE ITS DISCRETION IN REVOKING APPELLANT'S PROBATION FOR MINOR TECHNICAL VIOLATIONS OF THE PROBATION AGREEMENT?"

We affirm.

Appellant entered a plea of nolo contendre to charges of burglary, § 6–7–201, W.S. 1977, and conspiracy, § 6–1–203, W.S.1977, 1982 Cum.Supp., as a result of activities taking place on June 25 and 27, 1983. The trial court accepted this plea as a plea of guilty and ordered a presentence investigation. This investigation, along with information furnished by appellant during arraignment and at sentencing, reflected that appellant was then eighteen years old; he had previously received treatment at the Wyoming State Hospital for a drinking problem; he had been enrolled in an adult education program (similar to independent study) in California, but quit school in the eleventh grade when he moved to Wyoming; and his prior police record included charges of burglary and possession of marijuana in California, and a ticket for public intoxication in Wyoming.

On October 26, 1983, the trial court sentenced appellant to not less than two nor more than five years in the Wyoming State Penitentiary. The sentence was suspended, and appellant was placed on probation for four years. The terms of the probation included the following: That appellant abstain from consuming any alcoholic beverages, in public or in private; that he not ingest any drugs, controlled substances or narcotics in any form; that he report immediately to the Carbon County Counseling Center for counseling and therapy, and

that that agency make monthly reports on appellant's progress; that recommendations be made by the Wyoming Department of Probation and Parole as to how appellant "can get some tutelage, some schooling," and that appellant assiduously adhere to the resultant educational program; and finally that appellant report regularly to his supervising officer. The judge's primary concern was with appellant's alcohol abuse and lack of education.

During the arraignment, the following discussion was had:

"THE COURT: Why would you go in if you didn't get anything out of it?

"THE DEFENDANT: I don't know, sir. I was—well, I was drinking tequila.

"THE COURT: So, what does that do to you?

"THE DEFENDANT: It makes you a little crazy.

"THE COURT: It does what?

"THE DEFENDANT: It makes you a little crazy, sir.

"THE COURT: Makes you a little crazy?

"THE DEFENDANT: Yes, sir.

"THE COURT: When you drink tequila, you would do anything that kind of seems right at the time; is that it?

"THE DEFENDANT: Yes, sir."

And then, during the sentencing hearing, the judge related the following:

"THE COURT: He can't even spell one syllable words. He can't write a complete sentence. He doesn't have the vaguest idea about punctuation, capitalization. I'm absolutely appalled that this is the kind of boy that is going out into society. Maybe he's going to be one of these type of kids that you and I will have to depend upon to defend this country. And he can't even—he can't even read a serial number correctly. This is a disgrace. Do you understand?

"THE DEFENDANT: Yes, sir.

"THE COURT: Well, there's going to be something done about that. If I have control over this case, you are going to get yourself uplifted.

"THE DEFENDANT: Yes, sir."

On February 28, 1985, the county and prosecuting attorney filed a petition to revoke probation. This petition alleged that on four separate occasions appellant had been found using alcohol; on two occasions appellant had admitted using marijuana; appellant had been arrested once for disobeying a lawful order; appellant had missed five out of nine appointments with the Carbon County Counseling Center; appellant had failed to report to his probation officer for 40 days and had failed to advise of residence changes three times; appellant initially entered a GED program but had terminated that; and finally appellant had entered the Job Corp Center in Clearfield, Utah, but was reported absent without leave from that program.

During the probation revocation hearing, the prosecutor called two witnesses, a policeman for the City of Rawlins, Mr. Cardielhac, and a state probation officer, Mr. Dier. These two officers testified to appellant's use of alcohol and marijuana. Then Mr. Dier testified about conversations he had had with appellant's counselor at the Carbon County Counseling Center, and appellant's progress in the program. At this point, appellant's attorney objected on the grounds that any answer would be hearsay. The objection being overruled, Mr. Dier testified that appellant's attendance had been unsatisfactory and that he had been terminated from the program; he also testified about several of the other alleged probation violations listed above. Finally Mr. Dier testified about appellant's involvement in the Job Corp Center; appellant's attorney objected to this again on the basis of hearsay, and again the objection was overruled.

At the close of the evidence, appellant's attorney requested to have certain paragraphs of the petition dismissed from consideration. This request was granted as to the paragraph concerning appellant's conduct at the Job Corp Center in Utah and denied as to the remaining paragraphs.

Appellant argues that the introduction of hearsay violated his right to confront and cross-examine adverse witnesses under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

There is no question that the material objected to actually involved hearsay testimony. There was also no showing in either instance that the declarant was unavailable at the time of the hearing. The objections were overruled solely because the trial court believed that the Rules of Evidence except probation hearings from the application of those rules.

Rule 1101, W.R.E., provides in part as follows:

"(b) *Rules inapplicable.*—The rules other than those with respect to privileges do not apply in the following situations:

\* \* \* \* \* \*

"(3) Miscellaneous Proceedings.— \* \* [S]entencing, or granting or revoking probation; \* \* \*."

In *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the United States Supreme Court addressed the right to prerevocation hearings by probationers and parolees.[1] It was there held that the parole and probation status encompassed "liberty" and "property" rights under the constitution, and deprivation thereof could be accomplished only be virtue of due process. In the *Morrissey* case the Court noted, 92 S.Ct. at 2600, that revocation of parole (and in the *Gagnon* case, of probation) "is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to \* \* \* revocations." The minimum requirements of due process, without creating "an inflexible structure for parole [and probation] revocation procedures," were set forth in *Morrissey*, 92 S.Ct. at 2604:

---

1. *Morrissey v. Brewer* pertained to parolees. *Gagnon v. Scarpelli* adopted the reasoning in Morrissey and extended it to probationers.

"* * * (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (*unless the hearing officer specifically finds good cause for not allowing confrontation*); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the fact-finders as to the evidence relied on and reasons for revoking parole. We emphasize there is no thought to equate this second stage of parole revocation to a criminal prosecution in any sense. It is a narrow inquiry; *the process shall be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial.*" (*Emphasis added.*)

■ Obviously, the right of confrontation and cross-examination in a revocation hearing is not as positive as it is in a criminal proceeding. The admission of hearsay evidence without confrontation of witnesses does not ipso facto amount to error in revocation proceedings.

■ This being so, we note that there was other than hearsay evidence of numerous violations of appellant's probation, and that the hearsay evidence concerning the Job Corp Center was not considered since the paragraph alleging violations in connection therewith was dismissed from the petition to revoke. Hearsay was not involved in the occasions wherein appellant was found using alcohol contrary to the terms of probation. It was not involved in the admitted use of marijuana contrary to the terms of probation. It was not involved in the failure to report changes in residence to his probation officer and in the failure to make his regular reports to his probation officer as required by the terms of his probation. It was not involved with the termination of his GED program entered into pursuant to the terms of his probation.

Appellant argues that all of the violations save those two involved with the hearsay evidence were minor, and that the probation officer did not consider them serious enough to require revocation—that the petition to revoke was triggered by the return to Wyoming from the Job Corp Center in Utah. Thus, he contends the revocation of his probation was arbitrary and capricious.

■ No violation of a probation agreement is minor, and the decision on whether or not a violation is serious enough to warrant revocation of probation is not in the hands of the probation officer—it rests with the court.

"The imposition as well as the revocation of probation lies within the sound discretion of the district court, and we will not reverse the actions of the district court unless that discretion is abused. *State v. Reisch*, Wyo., 491 P.2d 1254 (1971); *Minchew v. State*, Wyo., 685 P.2d 30 (1984). * * *" *Gronski v. State*, Wyo., 700 P.2d 777, 778 (1985); *Longwell v. State*, 705 P.2d 336, 338 (1985).

The district court does not commit an abuse of discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. The ultimate issue, then, is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances. *Longwell v. State*, supra; *Minchew v. State*, Wyo., 685 P.2d 30 (1984); *Martinez v. State*, Wyo., 611 P.2d 831 (1980).

■ In this case there was clearly no abuse of discretion. The court made it clear at sentencing that its concerns were to educate appellant and to keep him away from alcohol and drugs. These were the very conditions appellant violated. Appellant argues that "individually the violations could be characterized as 'nit-picky'." We do not agree, but, in any event, the violations taken together establish without question the fact that appellant was not serious about complying with the condi-

tions of his probation. We repeat that no violation of a probation agreement is minor. We find no abuse of discretion.

Affirmed.