No. 89-167

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

RONALD ROGERS,

        Defendant and Appellant.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Robert Holmstrom, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Gary E. Wilcox, Billings, Montana

    For Respondent:

        Hon. Marc Racicot, Attorney General, Helena, Montana
        Kathy Seeley, Asst. Atty. General, Helena
        Harold Hanser, County Attorney; David Hoefer, Deputy,
        Billings, Montana

---

Submitted on Briefs: June 30, 1989

Decided: September 27, 1989

Filed:

_____
Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Defendant, Ronald Rogers, appeals the decision of the District Court for the Thirteenth Judicial District, Yellowstone County, revoking his suspended sentence that was entered on June 26, 1987 and ordering instead that he serve ten years in the Montana State Prison with only six years suspended. We affirm.

The County Attorney of Yellowstone County, Montana filed an information on December 17, 1986, charging Ronald Rogers, the defendant, with two felony counts of sexual assault and one misdemeanor count of indecent exposure. Rogers pled guilty on June 5, 1987 to all three counts. On June 26, 1987, the District Court for the Thirteenth Judicial District, Yellowstone County, sentenced Rogers to ten years imprisonment for each count of sexual assault, the sentences to run concurrently with all but thirty days suspended for each count. The District Court also sentenced Rogers to six months for indecent exposure and suspended this sentence in its entirety.

The conditions of Rogers' suspended sentence included:

1. The defendant shall not frequent any place where intoxicating liquor or beer is the chief item of sale nor shall he use intoxicants or beer; nor shall he purchase, use, possess, give, sell or administer any narcotic or dangerous drugs or have in his possession same without proper prescription by a doctor.

. . .

9. The defendant shall continue with mental health counseling, at his own expense, as approved and monitored by the

2

Adult Probation and Parole Field Services.

Rogers subsequently signed an acknowledgement of acceptance of terms and conditions of probation which stated, in part:

The conditions of said probation have been read by the undersigned and are fully understood, and the undersigned does hereby covenant that he will strictly carry out and follow the terms of said probation.

The Deputy County Attorney filed a petition on December 5, 1988 for revocation of the order suspending Rogers' sentence. The District Court held a hearing on the petition to revoke on January 31, 1989 and subsequently revoked Rogers' suspended sentence and ordered that he serve ten years in the Montana State Prison with only six years suspended.

The sole issue on appeal is whether the District Court abused its discretion when it revoked Rogers' suspended sentence and imposed a four year sentence of incarceration.

Rogers argues that he substantially complied with the terms and conditions of his probation and that his violations were only technical and were therefore not sufficient grounds for revocation of his suspended sentence. The record reveals that Rogers violated the terms and conditions of his suspended sentence by drinking alcohol and smoking marijuana. Rogers was also terminated from the sexual offender treatment program because he was diagnosed by his counselor as too dangerous to be treated on an outpatient basis.

Under §§ 46-18-201(1)(b) and 46-18-202, MCA, a district court has the power to suspend a sentence and impose conditions for probation and other conditions it considers necessary to obtain the objectives of rehabilitation and the protection of society. A district court also has the

3

discretion, under § 46-18-203(1), MCA, to revoke a suspended sentence. This section provides:

(1)  A judge, magistrate, or justice of the peace who has suspended the execution of a sentence or deferred the imposition of a sentence of imprisonment under 46-18-201 or his successor is authorized in his discretion to revoke the suspension or impose sentence and order the person committed. He may also, in his discretion, order the prisoner placed under the jurisdiction of the department of institutions as provided by law or retain such jurisdiction with his court.

A district court's decision to revoke a suspended sentence cancels a prior act of grace and is within the court's discretion. State v. Kern (1984), 212 Mont. 385, 388, 695 P.2d 1300, 1301; State v. Robinson (1980), 190 Mont. 145, 149, 619 P.2d 813, 815.

In Robinson, we stated that when a district court revokes a suspended sentence all that is required is that the district court must be reasonably satisfied that the probationer's conduct has not been what he agreed upon when he was given the suspended sentence. We further stated that the probationer was expected to walk the "straight and narrow" and conduct himself in a manner which would justify a district court's leniency. Robinson, 190 Mont. at 148-49, 619 P.2d at 815.

On review, this Court's role is to determine whether the District Court abused its discretion when it revoked Rogers' suspended sentence. The record clearly demonstrates, and Rogers does not deny, that he did violate the conditions of his suspended sentence by drinking alcohol and smoking marijuana. Although Rogers argues that these violations were merely technical violations, we nonetheless agree with the Wyoming Supreme Court's statement that "[n]o violation of a probation agreement is minor . . . ." Collins v. State (Wyo.

4

1986), 712 P.2d 368, 371. Therefore, in light of the record, the District Court did not abuse its discretion when it revoked Rogers' suspended sentence.

Affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices