No. 99-225

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 20N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

JOHN HEARELL,

Defendant and Appellant.

APPEAL FROM: District Court of the Twenty-First Judicial District,

In and for the County of Ravalli,

The Honorable Jeffrey H. Langton, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Edmund F. Sheehy, Jr., Cannon & Sheehy, Helena, Montana

For Respondent:

Joseph P. Mazurek, Montana Attorney General, Cregg W. Coughlin, Assistant Attorney General, Helena, Montana; George Corn, Ravalli County Attorney, Hamilton, Montana

Submitted on Briefs: December 9, 1999

Decided: January 27, 2000

Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1.Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2.John Hearell (Hearell) appeals following the District Court's imposition of sentence. On appeal Hearell raises issues involving the denial of his request for a different public defender; the denial of his appointed counsel's request to withdraw; the acceptance of his guilty plea; the absence of a sex offender evaluation; and the lack of a report designating his offender level. We dismiss Hearell's request to withdraw his guilty plea, and otherwise affirm.

## BACKGROUND

¶3.On March 6, 1998, Hearell was charged by amended information with the criminal offense of sexual assault in violation of § 45-5-502(3), MCA. Hearell requested appointment of a public defender at his initial appearance. Attorney Donald Spadone was appointed to represent Hearell and appeared with him in court on March 18, 1998. At that time, Hearell entered a not guilty plea.

¶4.Subsequently, the parties entered into a plea agreement which was filed in the District Court on May 7, 1998. Notwithstanding, at the change of plea hearing, Hearell asked the District Court for a continuance, which the court granted. At the next change of plea hearing, Hearell stated to the District Court that he had determined not to change his plea and rather wanted to go to trial. Accordingly, a jury trial was set to commence September 28, 1998.

¶5.On September 3, 1998, the trial court received a letter from Hearell wherein he requested a new public defender. In his letter Hearell wrote, "He [Spadone] has ignored facts that I think are important to my case and I don't feel that he is properly defending me." Attorney Spadone then filed a motion to withdraw as Hearell's counsel.

¶6.The court held a hearing on September 9, 1998, to consider Hearell's request for new counsel and attorney Spadone's related motion to withdraw. When directed by the District Court to identify specifically why he thought Spadone was not adequately representing him, Hearell advised to the effect that he had the feeling that Spadone did not really care about his case; that he didn't think Spadone believed he was innocent; and that Spadone had failed to investigate accusations of sexual assault against Hearell made by his stepdaughter and sister-in-law years ago (although the District Court indicated that this prior conduct was not relevant to the instant proceeding).

¶7.After the hearing the District Court concluded that Hearell's complaints were not seemingly substantial and were in fact "frivolous." The court also denied Spadone's motion to withdraw, concluding that there was not a complete breakdown in communications and that it appeared that Hearell's request for new counsel was simply an attempt to delay the trial.

¶8.On September 23, 1998, Hearell again appeared before the court, with counsel, and entered a guilty plea, in the form of an *Alford* plea, to the charged offense. As part of the proceedings Hearell advised the court that his problems with Spadone had been resolved; that he had discussed the matter "at great length" with Spadone; and that he had determined his guilty plea would be "in his best interests."

¶9.The record then indicates that there was a discussion between the court, the prosecutor, and Hearell's counsel, which ultimately resulted in the court ordering the change of plea hearing continued for one week because of misunderstandings over what the plea agreement entailed. Later that same day, however, the prosecutor, Hearell and his counsel, appeared before the District Court and advised that the "misunderstanding" had been cleared up and that the change of plea could be accepted.

¶10.The District Court confirmed that Hearell was entering an "open plea," meaning that whatever the determination would be as to Hearell's amenability to community-based treatment, the State was not committing itself to an agreed upon recommendation for sentencing. Both Hearell and his counsel confirmed that this was also their understanding

of the agreement, and Hearell informed the court that he had had sufficient time to discuss the matter with his counsel and believed that he had received competent representation and good legal advice from Spadone. Hearell stated "without any reservations" that he was "completely satisfied" with Spadone's legal services.

¶11. The court then received from the prosecutor, the factual basis for Hearell's plea, and, upon concluding that Hearell had entered his guilty plea knowingly, intelligently, and voluntarily, accepted Hearell's guilty plea. The trial court judge then ordered the presentence investigation and report to the court to include a sexual offender evaluation and report. As to the sexual offender report, the probation officer recommended Michael English. The prosecutor and Spadone concurred in the recommendation, whereupon the court ordered the sexual offender evaluation to be performed by Michael English.

¶12. The sexual offender evaluation was completed by English on October 23, 1998, and was attached to the presentence investigation report filed with the District Court on December 24, 1998. The report noted that English is a "pending clinic member, Montana Sex Offender Treatment Association," and further provided that the psychological testing results were interpreted by Missoula psychiatrist Dr. Paul Moomaw. Dr. Moomaw's report was included within English's report to the court. Dr. Moomaw reported that Hearell's responses were "extremely guarded and defensive" and that his prognosis for positive change was "quite poor." English's report also concluded that Hearell was not amenable to treatment.

¶13. On November 16, 1998, Hearell moved for a continuance of the sentencing hearing on the basis of an affidavit of Spadone, in which Spadone represented that he had discussed the case with English and Susan Sachsenmaier and that Ms. Sachsenmaier recommended that Hearell should have an "ABEL Assessment to be performed by Dr. Scolatti." Without objection from the State, the motion was granted and Dr. Scolatti's assessment, dated December 13, 1998, was entered in the record on December 24, 1998.

¶14. On December 23, 1998, the District Court sentenced Hearell to the Montana State Prison for 20 years, with 10 suspended. The written judgment was filed January 26, 1999, and Hearell timely appealed.

## DISCUSSION

¶15. On appeal, Hearell raises three issues:

¶16. Whether the District Court erred in denying Hearell's request for appointment of another public defender and in denying Spadone's request to withdraw as Hearell's counsel.

¶17. Whether the District Court properly accepted Hearell's guilty plea on September 23, 1998.

¶18. Whether the sentencing judgment was properly entered when no evaluation was conducted by a member of the Montana Sex Offender Treatment Association as required by statute and when no report was given to the court designating a particular offender level for Hearell.

¶19.We dispose of each of these issues in turn.

## ISSUE 1

**Whether the District Court erred in denying Hearell's request for appointment of another public defender and in denying Spadone's request to withdraw as Hearell's counsel.**

¶20.Hearell argues at length that the District Court erred in denying his request for another lawyer and Spadone's request to withdraw as Hearell's counsel. We decline to address this issue on appeal.

¶21.When Hearell entered his guilty plea on September 23, 1998, he did not reserve the right to appeal any adverse pretrial rulings, notwithstanding he was specifically allowed to do so, pursuant to § 46-12-204(3), MCA. In point of fact, the written plea agreement signed by Hearell and his counsel specifically states that he waived his right on appeal to a review of the adverse determination of all pretrial motions.

¶22.It is well established that a plea of guilty which is voluntarily and understandingly made constitutes a waiver of non-jurisdictional defects and defenses, including claims of constitutional violations which occurred prior to the plea. See *Stilson v. State* (1996), 278 Mont. 20, 22, 924 P.2d 238, 239 (citing *Hagan v. State* (1994), 265 Mont. 31, 35, 873 P.2d 1385, 1387). Furthermore, the jurisdictional-grounds exception applies to "those cases in which the district court could determine that the government lacked the power to bring the indictment *at the time of accepting the guilty plea from the face of the indictment or from the record.*" *Hagan*, 265 Mont. at 36, 873 P.2d at 1388 (quoting *United States v. Cortez*

(9th Cir. 1992), 973 F.2d 764, 767).

¶23.Since Hearell pleaded guilty to the offense charged he may not complain of any issues save the voluntariness of his plea. See *State v. Mahoney* (1994), 264 Mont. 89, 96, 870 P.2d 65, 69 (citing *State v. Hilton* (1979), 183 Mont. 13, 18, 597 P.2d 1171, 1174). Moreover, the issue of voluntariness must first be raised in the trial court. (See our discussion at issue two.) Accordingly, Hearell has waived the claim that the District Court should have appointed him a new public defender and his claim that the District Court erred in denying Spadone's motion to withdraw. That being the case, we decline to address the merits of Hearell's arguments on appeal.

## ISSUE 2

**Whether the District Court properly accepted Hearell's guilty plea on September 23, 1998.**

¶34.Next, Hearell argues that even if we affirm the District Court's actions with regard to his counsel we must still set aside his guilty plea as "it was not properly entered." Hearell contends that the transcript of the change of plea hearing indicates that there was substantial confusion as to the type of plea that was being entered; that there was a disagreement between the prosecutor and counsel for Hearell as to whether, if Hearell qualified for community-based treatment, the State would still be free to argue against the imposition of a suspended sentence; and, that the court caused more confusion by advising Hearell that if the court didn't go along with the plea agreement he would have the right to withdraw his guilty plea and reenter a not guilty plea and go to trial, although immediately thereafter the court advised Hearell that his guilty plea would be final.

¶35.Again, however, we determine that Hearell's claim of error was not properly preserved in the trial court. Hearell entered his guilty plea and was sentenced by the District Court without raising a challenge as to the voluntariness of his plea. While Hearell now requests this Court to allow him to withdraw his guilty plea, we have consistently held that a request to withdraw a guilty plea must first be raised in the District Court. See *State v. Butler* (1995), 272 Mont. 286, 292, 900 P.2d 908, 912 (citing *State v. Radi* (1991), 250 Mont. 155, 159, 818 P.2d 1203, 1206; *State v. Martz* (1988), 233 Mont. 136, 145, 760 P.2d 65, 70; *Matter of Hardy* (1980), 188 Mont. 506, 509, 614 P.2d 528, 531). We also held in *Butler* that we will not hear an attempt to raise the issue of the voluntariness of a guilty plea for the first time on appeal. *Butler*, 272 Mont. at 292, 900 P.2d at 912.

¶36.Accordingly, we dismiss Hearell's request that he be allowed to withdraw his guilty plea. His motion must be filed in the District Court. Section 46-16-105(2), MCA.

## ISSUE 3

**Whether the sentencing judgment was properly entered when no evaluation was conducted by a member of the Montana Sex Offender Treatment Association as required by statute and when no report was given to the court designating a particular offender level for Hearell.**

¶37.Hearell next argues that, because he was convicted of sexual assault, his presentence evaluation report required a psychosexual evaluation to be completed by a sex offender treatment therapist who was a member of the Montana Sex Offender Treatment Association or who had comparable credentials acceptable to the Professional and Occupational Licensing Bureau of the Department of Commerce. Section 46-18-111, MCA. Hearell argues that the evaluation conducted by Michael English with the psychological testing results interpreted by Dr. Paul Moomaw does not meet these criteria.

¶38.Hearell further argues that his sentence is "improper" because the sexual offender evaluator did not specifically recommend a designation for Hearell using the terms "level I, level II, or level III." English's report to the court states that while Hearell may not be in the high risk category, the results of his testing and interview information suggest too unclear a picture to responsibly place him in a low risk status. Hearell contends that the evaluator, not the District Court, must pick the offender level, notwithstanding that § 46-23-509(3), MCA, specifically states that "upon sentencing the offender, the Court shall . . . designate the offender as level 1, 2 or 3."

¶39.Once again, we decline to address the merits of Hearell's arguments. We have consistently held that, in a direct appeal, the defendant is limited to those issues that were properly preserved in the district court and to allegations that the sentence is illegal or exceeds statutory mandates. See § 46-20-104, MCA, *State v. Lafley*, 1998 MT 21, ¶ 26, 287 Mont 276, ¶ 26, 954 P.2d 1112, ¶ 26; *State v. Lenihan* (1979), 184 Mont. 338, 343, 602 P.2d 997, 1000. We are not persuaded that Hearell's sentence is "illegal" or in excess of the governing statutes. *State v. Nelson* (1995), 274 Mont. 11, 19-20, 906 P.2d 663, 668.

¶40.Furthermore, our review of the record reveals that Hearell did not raise any objection to English conducting the psychosexual evaluation. In fact, his counsel agreed with the

appointment of Michael English. Moreover, Hearell did not make any objection to the lack of a specific offender level recommendation within English's evaluation. Hearell made no objection to the presentence investigation report nor did he state any objection when the District Court determined, based upon the evaluator's reports, that Hearell was a level II risk for re-offending.

¶41.Accordingly, having failed to raise any claim or objection in the District Court to English conducting the psychosexual evaluation (and in fact agreeing with English's appointment) and having failed to raise any claim or objection to the District Court's designation of Hearell as a level II offender, Hearell has waived these claims of error on appeal. Section 46-20-104(2), MCA.

¶42.In summary, we affirm the District Court's denial of Hearell's request for appointment of a different public defender; we affirm the District Court's denial of Spadone's request to withdraw as counsel for Hearell; we affirm the District Court's appointment of Michael English to conduct Hearell's sex offender evaluation; we affirm the District Court's designation of Hearell as level II offender; and we dismiss Hearell's motion, first made in this Court, to withdraw his guilty plea.

/S/ JAMES C. NELSON

We Concur:

/S/ J. A. TURNAGE

/S/ JIM REGNIER

/S/ WILLIAM E. HUNT, SR.

/S/ KARLA M. GRAY