No. 96-044

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 12

STATE OF MONTANA,

Plaintiff and Respondent,

v.

JOHN BAISCH,

Defendant and Appellant.

FILED

JAN 3 0 1998

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Seventh Judicial District,
In and for the County of Dawson,
The Honorable Dale Cox, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

William F. Hooks, Appellate Defender, Helena, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Patricia J. Jordan,
Assistant Attorney General, Helena, Montana

Gerald J. Navratil, Dawson County Attorney, Glendive, Montana

Submitted on Briefs: January 8, 1998

Decided: January 30, 1998

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     John Baisch (Baisch) appeals from the decision of the Seventh Judicial District Court, Dawson County, revoking his suspended sentence based on violations of his probation and sentencing him to seven years to be served at the Montana State Prison. We affirm.

¶2     Baisch was charged with aggravated assault following an altercation that occurred at the Dawson Community College on March 19, 1994. Baisch pled guilty to that offense pursuant to an Acknowledgment of Waiver of Rights and Plea of Guilty with the State of Montana (State). The District Court ordered a deferred imposition of Baisch's six-year sentence and imposed conditions of probation. Among other conditions, Baisch was ordered to remain law abiding, to undergo a psychological examination, and to complete his Graduate Equivalency Diploma (GED) within one year.

¶3     On May 8, 1995, Baisch's probation officer conducted an intervention hearing regarding several alleged violations of probation. Thereafter, Baisch pled guilty to the offense of unlawful transaction with minors, and the State filed a petition to revoke Baisch's deferred sentence. Following a hearing on the petition, the District Court found that Baisch had violated several conditions of probation, revoked the deferred sentence and imposed a suspended sentence of seven years. The suspended sentence also imposed the conditions that Baisch remain law abiding, obtain psychological evaluations and complete his GED. Although the record reveals that Baisch had trouble meeting the psychological evaluation and

2

GED conditions of his probation, it was not until the events of September 13, 1995 occurred that the State again petitioned for the revocation of Baisch's probation.

¶4 Baisch's probation officer, John Hodge (Hodge) received a letter from Baisch's adult basic education instructor indicating that Baisch was not meeting appointments and that she no longer desired to work with Baisch on fulfilling his GED requirements. As a result, Hodge contacted Baisch and requested that Baisch meet with him on September 13, 1995. Hodge explained that his purpose in meeting with Baisch was to find out why Baisch was not cooperating with his instructor in fulfilling his GED requirements and to instruct Baisch to cooperate.

¶5 However, Hodge testified that when he explained to Baisch why he had called the meeting, Baisch "immediately became agitated, claiming he did not have an appointment with [his adult basic education instructor], therefore he broke no appointment." Hodge further testified that as the conversation progressed, Baisch became more agitated and began using foul language, "at which time [Baisch] stood up and said something to the effect that [Hodge] was the fault of this problem, that [Hodge] was the reason he was in trouble, and [Baisch] could jump across that desk and hit [Hodge]." As a result of Baisch's conduct, Hodge informed Baisch that he was arresting him and calling the police to transport Baisch to the jail.

¶6 Hodge testified that as soon as he hung up the phone, Baisch swept his arm across Hodge's desk knocking items onto the floor, then Baisch stomped out of the room and headed

3

out of the office. Baisch explained that he simply needed to cool off in an area away from Hodge and intended to wait for the police to arrest him in the hallway; however, Hodge thought Baisch was going to leave so he followed Baisch with a can of capsicum spray. When Baisch stopped, Hodge put his hand on Baisch's shoulder and instructed him to come back. Hodge stated that when Baisch turned around he had his hand in a fist as though he was going to hit Hodge so Hodge sprayed him with the capsicum spray and led Baisch back to his office.

¶7 When the police arrived, Baisch was still expressing anger. One officer heard Baisch threaten Hodge, while the other claimed he saw Baisch "lunge" toward Hodge. The officers took custody of Baisch and charged him with assault and criminal mischief in city court; however, those charges were dismissed without prejudice due to a defect in language. Despite dismissal of the charges, the State petitioned to revoke Baisch's suspended sentence asserting three alleged violations of probation: 1) Baisch was charged with criminal mischief and assault after becoming disorderly in the probation office; 2) Baisch failed to keep scheduled appointments for mental health counseling; and 3) Baisch had not fulfilled the GED condition of probation. The District Court concluded that Baisch violated Court Rule #2 and State Rule #8 by failing to conduct himself as a good citizen, revoked Baisch's suspended sentence, and sentenced him to the Montana State Prison for a term of seven years. Baisch presents two issues for appeal:

¶8 1) Did the District Court abuse its discretion in revoking Baisch's suspended sentence?

4

¶9  2) Did the District Court abuse its discretion in imposing a seven-year prison sentence?

I

¶10  The standard of review for revocation of a suspended sentence is whether the district court abused its discretion. State v. Butler (1995), 272 Mont. 286, 289, 900 P.2d 908, 910; State v. Docken (1995), 274 Mont. 296, 298, 908 P.2d 213, 214. So long as the district court is satisfied that the conduct of the probationer has not been what he agreed it would be when he was given liberty, this Court will not overturn a district court's decision to revoke a suspended sentence. Butler, 900 P.2d at 910. However, the State must prove by a preponderance of the evidence that the probationer has violated the terms or conditions of the suspended sentence. Section 46-18-203, MCA.

¶11  Baisch argues that the State failed to show by a preponderance of the evidence that Baisch violated a condition of probation and therefore the District Court abused its discretion in revoking Baisch's suspended sentence. The State asserts, however, that the record supports the District Court's decision that Baisch violated the conditions of probation; therefore, the District Court appropriately revoked the suspended sentence.

¶12  It is important to note that Baisch does not contest the fact that the events of September 13, 1995 occurred. In fact, Baisch's statement of the facts is nearly identical to that offered by the State. What Baisch does claim, however, is that his disorderly conduct was the result of an undue amount of stress resulting from his work and his attempts to fulfill

5

the conditions of probation while taking care of his family. Baisch asserts that he was "pulled in any number of directions" in his attempts to meet the many obligations imposed on him and "[w]hile his conduct toward Hodge may have been inappropriate, it was the result of the stress brought on by these factors."

¶13 The State argues that Baisch's initial difficulties with the law stemmed from his inability to control his rage and his resulting aggravated assault against an individual at Dawson Community College. Having failed to receive treatment for his intermittent explosive disorder, Baisch exhibited his rage again by threatening his probation officer. The State further argues that Baisch's conduct was clearly a violation of his probation conditions.

¶14 Despite the dismissal of Baisch's assault and criminal mischief charges, the facts offered by Baisch and the State support a finding by the District Court that Baisch violated Court Rule #2 and State Rule #8 by failing to conduct himself as a good citizen. We hold that the District Court did not abuse its discretion in revoking Baisch's suspended sentence.

II

¶15 Upon finding that a condition of probation has been violated, the district court has discretion to continue the suspended sentence without a change in conditions, continue the suspended sentence with modified or additional terms and conditions, or revoke the suspended sentence and require the defendant to serve either the sentence imposed or any lesser sentence. Section 46-18-203(7), MCA. This Court reviews the district court's

6

sentencing decision for abuse of discretion. State v. Hurlbert (1988), 232 Mont. 115, 123, 756 P.2d 1110, 1115. Furthermore, on appeal, this Court will only review sentences for their legality. We will not review sentences for mere inequity or disparity; that task is left to the Sentence Review Division. State v. Ford (1996), 278 Mont. 353, 363, 926 P.2d 245, 251.

¶16 Baisch does not assert that his sentence is illegal. Baisch argues only that the factors described above, namely the stress caused by meeting his obligations, caused his disorderly conduct and therefore "the totality of the circumstances confronting Baisch demonstrate that imposing the full seven year sentence . . . was an abuse of discretion." Essentially, Baisch argues that the District Court imposed a harsher sentence than it should have. This argument is appropriately presented to the Sentence Review Division. We conclude that the District Court did not abuse its discretion in imposing Baisch's full seven year sentence.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

7