No. 00-755

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 161

STATE OF MONTANA,

Plaintiff and Respondent,

v.

GEORGE AVERILL,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Marge Johnson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Carl Jensen, Office of Public Defender, Great Falls, Montana

For Respondent:

Mike McGrath, Montana Attorney General, Jennifer Anders, Assistant Montana Attorney General, Helena, Montana; Brant S. Light, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs: May 3, 2001
Decided: August 14, 2001

Filed:

_____

Clerk


Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 On July 25, 2000, the Montana Eighth Judicial District Court, Cascade County, revoked Appellant George Averill's (Averill's) suspended sentence after determining, by a preponderance of the evidence, that Averill had violated the terms and conditions of his suspended sentence. Averill appeals. We affirm.

## ISSUE

¶2 The only issue before this Court is whether the District Court erred in finding probation violations without a finding that the probationer acted with purpose, knowledge or negligence when committing the violations.

## FACTUAL BACKGROUND

¶3 Averill is a 54 year old male who received his first DUI in June 1984, his second in July 1984, and his third in January 1988. His fourth DUI charge occurred in January 1991 and his fifth DUI was in November 1997. It was this last DUI that led to the felony DUI conviction underlying this case.

¶4 On November 25, 1997, Averill was stopped by a Cascade County Sheriff's Department deputy for erratic driving and was determined to be intoxicated. He agreed to submit to an Intoxilyzer test which registered a .194 blood alcohol content. Additionally, Averill was unable to provide proof of insurance. The Cascade County Sheriff's Department dispatch officer informed the deputy that Averill did not have a valid driver's license but did have an active warrant for his arrest.

¶5 Averill was charged with driving under the influence, a felony, in violation of § 61-8-401, MCA (1997); n o valid driver license, a misdemeanor, in violation of § 61-5-102 , MCA (1997); and no insurance, a misdemeanor, in violation of § 61-5-302(4) (1997),

MCA.

¶6 Averill was released on his own recognizance on December 17, 1997, and appeared before Judge Johnson in the Eighth Judicial District Court on September 24, 1998, after entering into a Plea Agreement in which he pled guilty to felony DUI and the State agreed to dismiss the two misdemeanor counts.

¶7 On February 16, 1999, Averill appeared before the District Court for a Sentencing Hearing. Judge Johnson sentenced Averill to three years to the Department of Corrections with all but six months suspended. Additionally, Averill was to enter and complete the Pre-Release Program. Averill's sentence included fifteen conditions. Among others, the following substantive conditions were imposed:

> Averill must:
>
> i. be under the supervision of the Adult Probation and Parole Bureau and abide by all of their rules and regulations;
>
> ii. not possess or consume alcohol;
>
> iii submit to random intoxicant testing, and
>
> iv. not own, possess or be in control of any firearms or deadly weapons.

¶8 Averill began serving the six-month sentence on February 16, 1999, at the Pre-Release center but on April 9 was transferred to the Montana State Prison for the duration of his six-month sentence after testing positive for marijuana usage. He was discharged on August 15, 1999. Upon his release, Averill signed the rules of probation under Probation and Parole Officer Dawn Handa. These rules included, among other things, a prohibition from traveling outside of Cascade County without Officer Handa's permission.

¶9 On March 14, 2000, in the early morning hours, Averill and his wife were involved in an altercation near the Teton and Chouteau County line during which Averill's wife received a gunshot wound to her foot. Both the Chouteau County and Teton County Sheriff's Departments were ultimately involved.

¶10 The incident report indicated that the Sheriff's Department did not know at the time

that Averill was on probation but noted that both Averill and his wife smelled of alcohol. After Averill and his wife had left in an ambulance for treatment of his wife's injury, the Sheriff's deputy began inspecting Averill's pickup truck which been struck by several gunshots during the altercation. During the inspection, the deputy was advised by the dispatch officer that a neighbor had called in and reported seeing a pickup truck, fitting the description of Averill's truck, driving around in his field, throwing beer cans from the vehicle.

¶11 The deputy continued inspecting Averill's truck and discovered a loaded revolver under the passenger seat and a cooler filled with beer. Dispatch, after running a criminal check on all parties potentially involved in the altercation, notified the deputy of Averill's past criminal record and past probation violations.

¶12 Despite an affirmative duty on the part of Averill to notify Officer Handa of any contacts with law enforcement, Officer Handa learned of the altercation on March 16, 2000, from a source other than Averill. She generated a Report of Violation which she attached to an Affidavit in Support of the State's March 17, 2000 Petition for Revocation of Suspended Sentence.

¶13 In the Report of Violation, she identified the following alleged probation violations:

> a. leaving Cascade County without her permission;
>
> b. traveling in a vehicle with a loaded firearm under the passenger seat;
>
> c. ailing to notify her within 72 hours of contacts with law enforcement and driving without a valid driver's license and without an ignition interlock device;
>
> d. possibly drinking alcohol; and
>
> e. traveling in a vehicle with intoxicants.

¶14 A bench warrant was issued and served and Averill posted the required bond. Averill later stated at his evidentiary hearing on July 25, 2000, that he understood at the time that this bench warrant was issued and served that his suspended sentence could be revoked as a result of the incident. (Pg. 50 of Hearing Transcript).

¶15 On May 7, 2000, the Cascade County Sheriff's Office dispatched two deputies to Averill's residence in response to a call from Averill's wife. Averill was sleeping when the Deputies entered the home at which time the Deputies noticed more than 50 empty beer cans lying around the house. Upon awakening, Averill, who smelled of "a strong rancid odor of alcoholic beverage," was groggy, lethargic, denied drinking and refused to submit to a breath test.

¶16 The Sheriff's dispatch officer reached Officer Handa who instructed that Averill be arrested on probation violations. He was arrested without incident.

¶17 Averill attended the evidentiary hearing before Judge Johnson on July 25, 2000. Averill filed answers of "Not True" to all alleged probation violations of March 14, 2000, and answered "True" to all alleged probation violations of May 7, 2000. The District Court accepted the "True" answers but also found that four of the five alleged probation violations on March 14 were also true.

¶18 Averill testified that, despite having lived in the area for 17 years, he did not know he had traveled outside of Cascade County on the night of March 14, 2000. Additionally, he testified that he did not know: 1) there was a gun in the car; 2) that he had to report the March 14 incident to Officer Handa; 3) that he could not be around alcoholic beverages, only that he couldn't drink them, or 4) that he was required to have an ignition interlock device on his vehicle.

¶19 Judge Johnson reminded Averill that she had explained all of these conditions to him at the time they were imposed and he had been given a copy of the sentencing order. Additionally, she emphasized that it was Averill's responsibility, when given the privilege of serving a sentence in the community, to know what he must do to comply with the sentencing order.

¶20 The District Court revoked Averill's suspended sentence and imposed a 2 and ½ year sentence with one year suspended. Averill was remanded back to the Cascade County Sheriff.

¶21 On September 1, 2000, Averill filed his Notice of Appeal to this Court.

## STANDARD OF REVIEW

¶22 The standard for revocation of probation is whether the judge is reasonably satisfied that the conduct of the probationer has not been what he agreed it would be if he were given liberty. *State v. Lundquist* (1992), 251 Mont. 329, 331, 825 P.2d 204, 206 (citing *State v. Robinson* (1980), 190 Mont. 145, 148-49, 619 P.2d 813, 815.) See also *State v. Williams,* 1999 MT 240, ¶ 11, 296 Mont. 258, ¶ 11, 993 P.2d 1, ¶ 11; *State v. Baisch,* 1998 MT 12, ¶ 10, 287 Mont. 191, ¶ 10, 953 P.2d 1070, ¶ 10. We review a district court's determination to revoke a suspended sentence for an abuse of discretion and whether the court's decision was supported by a preponderance of the evidence in favor of the State. *Williams,* ¶ 11. This Court's standard of review is whether the district court has abused its discretion. *Lundquist,* 251 Mont. at 331, 825 P.2d at 206 (citing *Robinson,* 190 Mont. at 149, 619 P.2d at 815.)

## DISCUSSION

¶23 Averill accurately identifies the standard for revocation of probation as being whether the judge is reasonably satisfied that the conduct of the probationer has not been what he agreed it would be if he was given his liberty. He argues, however, that under § 45-2-103 (1), MCA, he was lacking the requisite intent to commit three of the four probation violations occurring on March 14 which the District Court found him to have committed, specifically the offenses of leaving Cascade County, possessing a weapon, and not contacting his probation officer within 72 hours of the incident. Section 45-2-103(1), MCA, states that " . . . a person is not guilty of an offense unless, . . . a person acts while having one of the mental states of knowingly, negligently, or purposely." Averill claims that without having committed these acts either "knowingly, negligently or . . . purposefully," he did not violate his probation for these three conditions and the District Court's consideration of them at sentencing "prejudiced [him] and led to his incarceration."

¶24 Averill is mistakenly relying upon § 45-2-103(1), MCA. The Montana Legislature has enacted a statute specifically entitled "Revocation of suspended or deferred sentence," § 46-18-203, MCA. Section 46-18-203, MCA, sets forth all the requirements applicable to revocation of suspended sentences and makes no reference to intent, mental state or § 45-2-103(1), MCA.

¶25 The procedures to be followed in a proceeding for revocation of a suspended sentence are set forth in § 46-18-203, MCA. It is clear from that statute that a revocation proceeding is not equivalent to a criminal trial: only a hearing, rather than a trial, is required; the

prosecution's burden of proof is only a preponderance of the evidence; and the issue is not one of guilt or innocence, but is whether the person has violated a condition of a suspended sentence. Section 46-18-203, MCA. Our cases recognize these basic differences between revocation proceedings and criminal trials. *State v. Rogers* (1994), 267 Mont. 190, 192, 883 P.2d 115, 116-17. See also *State v. Watts* (1986), 221 Mont. 104, 717 P.2d 24; *Robinson*, 190 Mont. at 145, 619 P.2d at 813; *State v. Oppelt* (1979), 184 Mont. 48, 601 P.2d 394; *State v. Ryan* (1975), 166 Mont. 419, 533 P.2d 1076.

¶26 Having determined that the appropriate statute governing revocation of suspended sentences is § 46-18-203, MCA, it was not necessary for the District Court to find that Averill acted "knowingly, negligently, or purposely" in order to revoke the suspended sentence.

¶27 At the hearing, Averill admitted to being in violation of numerous conditions of his probation agreement. Additionally, the District Court found that he had violated several other of the conditions, for which no charges were brought. Therefore, applying the applicable standard of whether the judge is reasonably satisfied that the conduct of the probationer has not been what he agreed it would be if he was given his liberty, the District Court's revocation of Averill's suspended sentence was supported by a preponderance of the evidence and was not an abuse of its discretion. Accordingly, we affirm.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ JIM RICE