No. 02-099

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 316N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

DONALD WYMER CIHURA,

Defendant and Appellant.

APPEAL FROM:    District Court of the Sixth Judicial District,
In and for the County of Park,
The Honorable Wm. Nels Swandal, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Chad Wright, Appellate Defender Office, Helena, Montana

For Respondent:

Hon. Mike McGrath, Attorney General; Jennifer Anders,
Assistant Attorney General, Helena, Montana

Tara Depuy, Park County Attorney, Livingston, Montana

Submitted on Briefs:  December 5, 2002

Decided:  December 17, 2002

Filed:

_____
Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Appellant Donald Cihura appeals from the order of the Sixth Judicial District Court, Park County, which revoked his suspended sentence following probation violations and sentenced him to three years in the Montana State Prison. We affirm.

¶3 The sole issue on appeal is whether the District Court abused its discretion when it revoked Cihura's suspended sentence and sentenced him to three years in the Montana State Prison.

BACKGROUND

¶4 On October 28, 1999, Cihura pled guilty to misdemeanor partner or family member assault. Cihura entered the plea as part of a plea arrangement where the State agreed to reduce the charges from felony assault to misdemeanor partner or family member assault so long as Cihura reported to his attorney on a weekly basis. In December of 1999, Cihura's attorney notified the District Court that he had not spoken with Cihura since November 17, 1999. Therefore, the State withdrew from the plea arrangement and reinstated the original charge of felony assault.

¶5 On May 30, 2000, Cihura pled guilty to felony assault. The

District Court sentenced Cihura to four years in the Montana State Prison, all suspended with conditions. As a condition to the suspended sentence, the District Court placed Cihura under the supervision of the Montana Department of Corrections and Human Services regarding such things as "residency, travel, reporting, [and] full time employment." Following the imposition of sentence, Cihura and his wife moved to California with the approval of his probation officer, Suzann Fladager.

¶6 Approximately one year later, Cihura contacted Fladager with a request to move to Oregon. Fladager filed the necessary paperwork with Oregon but Oregon denied the request. Fladager notified Cihura of the denial and informed him that he could not move to Oregon as planned. Cihura disregarded Fladager's warning. In February of 2001, Fladager contacted Cihura and instructed him "to return to Montana *immediately*. If you do not return to Montana *within 10 days* of receipt of this letter . . . a warrant will be issued for your arrest and you will be extradited back to Montana to face Probation Revocation proceedings." Again, Cihura disregarded Fladager's warning.

¶7 On March 6, 2001, Fladager filed a report of violation with the District Court. The report outlined Cihura's failure to obtain permission for a change of residence and failure to report to Fladager as directed. On March 7, 2001, the State filed a petition to revoke Cihura's suspended sentence. The District Court issued a bench warrant for Cihura's arrest and law enforcement officers subsequently arrested Cihura in June of 2001 in Lincoln, Nebraska.

3

¶8    On August 20, 2001, the District Court held a hearing on the State's petition to revoke.  Thereafter, the District Court revoked Cihura's suspended sentence and sentenced Cihura to the Montana Department of Corrections for a period of three years.

¶9    Following this Court's decision in *State v. Giddings*, 2001 MT 76, 305 Mont. 74, 29 P.3d 475, the State filed a second petition to revoke Cihura's suspended sentence.  On December 17, 2001, the District Court held a hearing on the State's second petition.  Again, the District Court determined that the State proved by a preponderance of the evidence that Cihura violated the terms of his suspended sentence.  The District Court revoked Cihura's suspended sentence and sentenced him to the Montana Department of Corrections for a period of three years.  Cihura appeals from the District Court's order of revocation.

STANDARD OF REVIEW

¶10  We review a district court's decision to revoke a suspended sentence to determine whether the court abused its discretion and whether the court's decision was supported by a preponderance of the evidence in favor of the State.  *State v. Shockley*, 2001 MT 180, ¶ 8, 306 Mont. 196, ¶ 8, 31 P.3d 350, ¶ 8.

DISCUSSION

¶11  Did the District Court abuse its discretion when it revoked Cihura's suspended sentence and sentenced him to three years in the Montana State Prison?

¶12  Section 46-18-203(6), MCA, provides that at a hearing for the revocation of a suspended sentence "the prosecution shall prove, by

4

a preponderance of the evidence, that there has been a violation of the terms and conditions of the suspended or deferred sentence." As indicated above, the District Court imposed, in part, the following sentence for Cihura's felony assault conviction:

> The defendant shall serve four years at Montana State Prison, all suspended on the following terms and conditions:

> A. Defendant shall be placed under supervision of the Montana Department of Corrections and Human Services, subject to all the administrative rules and regulations of said agency, including but not limited to residency, travel, reporting, full time employment, warrantless search, testing of his breath and bodily fluids, obeying of all laws and specifically including having no guns, firearms or ammunition in his possession.

The State's second petition to revoke Cihura's suspended sentence alleged that Cihura violated Montana State Rule Number 1, requiring permission to change a place of residence, and Montana State Rule Number 4, requiring a defendant to report to a probation officer as directed.

¶13 At the December 17, 2001, hearing, Fladager testified that Cihura requested a move to Oregon in January of 2001. Fladager filed the necessary paperwork with Oregon but Oregon denied the request. Fladager notified Cihura of this denial but Cihura disregarded her admonition and moved to Medford, Oregon. Fladager testified that Cihura followed through with this move despite the fact that "he didn't have Oregon's permission to be living there at

5

that time. He certainly didn't have my permission to be living there." Further, Fladager testified that upon learning of Cihura's move, she instructed Cihura to report to Montana by March 6, 2001. Cihura did not report to Montana as instructed and failed to maintain any contact with Fladager after March 6, 2001.

¶14 Cihura denied the allegations contained in the second petition but did not present any evidence at the December 17, 2001, hearing. Based on the foregoing, we conclude that the State proved, by a preponderance of the evidence, that Cihura violated the terms and conditions of his suspended sentence. Therefore, the District Court did not err when it revoked the same.

¶15 Section 46-18-203(7)(a), MCA, provides:

> If the judge finds that the offender has violated the terms and conditions of the suspended or deferred sentence, the judge may:
>
> (1) continue the suspended or deferred sentence without a change in conditions;
>
> (2) continue the suspended sentence with modified or additional terms and conditions;
>
> (3) revoke the suspension of sentence and require the offender to serve either the sentence imposed or any lesser sentence; or
>
> (4) if the sentence was deferred, impose any sentence that might have been originally imposed.

Cihura maintains that:

> The inquiry at any probation revocation hearing is whether the purposes of rehabilitation are being achieved, and whether, by virtue of subsequent criminal conduct or evidence that the defendant's behavior was not in compliance with the rules and objectives of his probation, the purposes of probation are best served by continued liberty or by incarceration.

6

Cihura contends that his wife's chronic health problems compelled the move to Oregon and Nebraska. Therefore, Cihura concludes that "the district court should have realized that incarceration was not the most beneficial option for this type of minor violation. The district court abused its discretion when it did not consider other options which would have allowed Cihura to remain at liberty."

¶16 On appeal, this Court will only review sentences for their legality. *State v. Baisch*, 1998 MT 12, ¶ 15, 287 Mont. 191, ¶ 15, 953 P.2d 1070, ¶ 15. We will not review sentences for mere inequity or disparity. *Baisch*, ¶ 15. Any arguments regarding the fairness or equity of a sentence should be referred to this Court's Sentence Review Division. *Baisch*, ¶ 15.

¶17 Essentially, Cihura's arguments regarding the propriety of the sentence following revocation consist entirely of fairness issues. Cihura has not asserted that the District Court illegally imposed the three year sentence. Further, a sentence is not illegal when it is within the parameters provided by statute. *State v. Brown*, 1999 MT 31, ¶ 8, 293 Mont. 268, ¶ 8, 975 P.2d 321, ¶ 8. Section 46-18-203(7)(a), MCA, expressly authorized the District Court to impose the sentence that it did. Accordingly, we conclude that the District Court did not abuse its discretion when it imposed the three year sentence.

¶18 Affirmed.

/S/ JIM REGNIER

We Concur:

7

/S/ PATRICIA COTTER
/S/ TERRY N. TRIEWEILER
/S/ JAMES C. NELSON
/S/ JIM RICE