FILED

June 18 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 07-0252

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 219N

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

ORVILLE LeWAYNE SCHUTTER,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 05-0308
Honorable Douglas G. Harkin, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          James B. Wheelis, Chief Appellate Defender; David Avery,
          Assistant Appellant Defender, Helena, Montana

      For Appellee:

          Hon. Mike McGrath, Montana Attorney General; Micheal S. Wellenstein,
          Assistant Attorney General, Helena, Montana

          Fred Van Valkenburg, Missoula County Attorney, Missoula, Montana

Submitted on Briefs:  May 21, 2008

Decided:  June 18, 2008

Filed:

_____
                    Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Orville LeWayne Schutter (Schutter) appeals from the order of the Fourth Judicial District Court, Missoula County, revoking his 3-year deferred sentence and imposing a sentence of 10 years in prison, with 5 suspended.  We affirm.

¶3     Conceding the revocation itself cannot be challenged, the only issue Schutter raises on appeal is whether the District Court erred in sentencing him.  Schutter argues the District Court erred in imposing the sentence recommended by the probation and parole officer because the recommendation was premised upon Schutter's guilt regarding all of the alleged violations—including those not proven—and the court's failure to consider mitigating evidence.  Because the probation and parole officer did not revise her sentencing recommendation when several of the alleged probation violations were unsubstantiated, Schutter contends the District Court abandoned conscientious judgment and acted arbitrarily.  Schutter does not, however, allege that his sentence is illegal.

¶4     The District Court found Schutter violated four conditions of his deferred sentence, but did not violate three other conditions.  The court considered imposing a 20-year sentence with 5 suspended, but ultimately imposed the recommended 10-year sentence, with 5 years

2

suspended.

¶5     We review a sentence for legality—that is, whether it is within the parameters of the sentencing statute. *State v. Rudolph,* 2005 MT 41, ¶ 9, 326 Mont. 132, ¶ 9, 107 P.3d 496, ¶ 9. The sentence imposed upon Schutter is within the statutory range. Moreover, we consistently refuse to review the length of sentences for equity or disparity; these matters are within the province of the Sentence Review Division. *See e.g. State v. Senn,* 2003 MT 52, ¶ 34, 314 Mont. 348, ¶ 34, 66 P.3d 288, ¶ 34 (citing *State v. Baisch,* 1998 MT 12, ¶ 15, 287 Mont. 191, ¶ 15, 953 P.2d 1070, ¶ 15).

¶6     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and record that this appeal is without merit because the issues are clearly controlled by settled Montana law. The District Court did not err in sentencing Schutter.

¶7     Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ JIM RICE
/S/ BRIAN MORRIS

3