No. 04-140

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 346

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

JOHN HARVEY HOOTS,

        Defendant and Appellant.

APPEAL FROM:    The District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 2002-338,
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Chad Wright, Chief Appellate Defender, Appellate Defender Office,
Helena, Montana

        For Respondent:

                Hon. Mike McGrath, Montana Attorney General,
Pamela P. Collins, Assistant Attorney General, Helena, Montana

                Dennis Paxinos, Yellowstone County Attorney,
David Carter, Deputy County Attorney, Billings, Montana

Submitted on Briefs:  August 23, 2005

Decided:  December 28, 2005

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    John Harvey Hoots (Hoots), appeals from the Judgment of the District Court of the Thirteenth Judicial District, Yellowstone County, designating him as a persistent felony offender, imposing fines, and sentencing him to several concurrent terms of incarceration upon his conviction of four offenses. We affirm in part, reverse in part, and remand for re-sentencing.

¶2    The issues on appeal are:

¶3    1.  Did the District Court err in finding that Hoots failed to present seemingly substantial complaints about his counsel?

¶4    2.  May Hoots withdraw his *Alford* plea?

¶5    3.  Is Hoots entitled to credit against his fines for time spent in pre-trial incarceration prior to his probation revocation?

## FACTUAL AND PROCEDURAL BACKGROUND

¶6    On April 25, 2002, the State filed an Information charging Hoots as follows: Count I, driving while under the influence of alcohol and/or drugs (DUI), a felony, in violation of § 61-8-401, MCA; Count II, driving while suspended or revoked, a misdemeanor, in violation of § 61-5-212, MCA; Count III, operating a motor vehicle without liability insurance, a misdemeanor, in violation of § 61-6-301, MCA; and Count IV, obstructing a peace officer, a misdemeanor, in violation of § 45-7-302, MCA. As to Count IV, the State alleged that Hoots provided a false name to a police officer. The State also filed a Notice of

its intent to seek designation of Hoots as a persistent felony offender, according to §§ 46-18-501 and 46-18-502, MCA, pursuant to two prior DUI convictions in Montana.

¶7     Prior to trial, Hoots and his court appointed counsel, Matthew Claus (Claus), of the Yellowstone County Public Defender's Office, viewed the State's videotape documenting Hoots' arrest and his DUI processing. Hoots watched the videotape a second time with his next attorney, Solomon Neuhardt (Neuhardt), of the Yellowstone County Public Defender's Office. On this second occasion, Hoots claimed that the video he viewed was different than that which he viewed with Claus. Hoots viewed the videotape a third time with both Claus and Neuhardt. Thereafter, Claus filed an affidavit with the District Court stating that, to the best of his knowledge, the videotape he initially viewed with Hoots was the same videotape he subsequently viewed with both Hoots and Neuhardt. Nonetheless, Hoots maintained that the videotape had been "edited."

¶8     Hoots filed a Motion to Dismiss which the District Court denied after a hearing. Immediately prior to the trial, held August 12, 2002, Hoots pled guilty to Count IV. Subsequently, the jury found Hoots guilty of Counts I, II and III. The District Court designated Hoots as a persistent felony offender pursuant to § 46-18-501, MCA, and sentenced him, on Count I, to a term of twelve years in the Montana State Prison, with two years suspended. On each of the remaining three counts, the court sentenced Hoots to a term of six months in the Yellowstone County Detention Facility, with each term to run concurrently with the sentence on Count I.

¶9    Hoots appealed to this Court, challenging the District Court's failure to instruct the jury on his right not to testify. The State filed a notice of concession, requesting that the case be remanded to the District Court for a retrial on Counts I, II, and III. We issued an Order reversing Hoots' convictions on those three counts. In remanding for a new trial, we noted that because Hoots pled guilty prior to trial on Count IV, that conviction was not impacted by the instructional error and would thus remain in place.

¶10    On remand, the Yellowstone County Public Defender's Office moved to withdraw as counsel of record. The District Court granted the Motion and Hoots was subsequently represented by Keith Molyneaux (Molyneaux), of the Elk River Law Office in Billings.

¶11    At a hearing held in the District Court on November 26, 2003, Hoots alleged that the State had "edited the original tape." Further, Hoots indicated that the "original" videotape would demonstrate that he was not driving on the night he was arrested because it would "show that a woman exited the driver's door . . . ." In response, the State referred to Claus' affidavit and asserted that Hoots' "allegations that there is a second videotape . . . exculpatory in nature, is wholly frivolous . . . ." Hoots also complained that Molyneaux's representation was not adequate and indicated that he wanted another attorney to represent him. Specifically Hoots expressed his displeasure with the fact that Molyneaux would not file a motion requesting that the State's "original" videotape be presented to the jury.

¶12 Molyneaux explained that his relationship with Hoots had deteriorated. He stated:

> I cannot meet with Mr. Hoots. He won't talk to me, he won't listen to me, and, in effect, I don't really listen to him anymore either. And it's based on the fact that on our second meeting, he walked out completely at the jail. . . .
> . . . And then, obviously, yesterday I met with him at the jail to provide him with a transcript for the trial and just discuss some preliminary issues. It became physically threatening, papers were shuffled, waved in my face, and a guard had to walk into the room and terminate the session. It's an obvious total lack of communication. There's no trust at all. He doesn't want me as his attorney. And I think the case law is clear that under those circumstances, a new attorney has to be appointed for him.

¶13 The District Court noted that the trial date was less than a week away and explained that Hoots could plead guilty, proceed to trial with Molyneaux, represent himself at trial, or have Molyneaux present as stand-by counsel. Hoots stated that he would like to plead guilty. After further discussion, Hoots maintained his wish to plead guilty. The District Court then called a recess to allow Hoots time to consider his choice.

¶14 During the recess, Hoots executed an agreement whereby he entered an *Alford* plea on all three counts. Thereafter, the District Court examined the agreement, which was entitled "Acknowledgment of Waiver of Rights by Plea of Guilty (Alford)." Molyneaux stated that he explained the agreement to Hoots. Hoots stated that he understood the nature of an *Alford* plea. The District Court reminded Hoots that he still had the option of proceeding to trial, and Hoots expressed a willingness to enter the plea. The court then engaged in an extensive explanation regarding the consequences of the plea. Further, the court thoroughly questioned Hoots regarding the voluntary nature of the plea. Hoots clearly indicated that his plea was voluntarily entered and explained that he had engaged in meaningful discussion with

5

Molyneaux during the recess. The court made a finding that "there have been no seemingly substantial complaints by Mr. Hoots based on all the discussion that we have had about the videotapes . . . ." The court ultimately accepted Hoots' pleas. Before the hearing concluded, Hoots agreed to have Molyneaux represent him at the sentencing hearing.

¶15 On December 12, 2003, the District Court held a sentencing hearing. The State asserted that Hoots had nine prior DUIs, while Molyneaux asserted that Hoots only had six DUIs since 1989. Without making a finding as to the precise number of Hoots' prior DUI convictions, the court designated him as a persistent felony offender. On Count I, the court imposed a fine of $1,000.00 and sentenced Hoots to a term of ten years in the Montana State Prison, with credit for time served. On Count II, the court imposed a fine of $500.00 and sentenced Hoots to a term of six months in the Yellowstone County Detention Facility, to run concurrently with the sentence on Count I. On Count III, the court imposed a fine of $350.00. Finally, the court "reimposed" the previous sentence on Count IV, to run concurrently with the other sentences. The court filed its written Judgment on January 7, 2004. As explained *infra*, the Judgment did not entirely conform to the oral pronouncement made at the sentencing hearing.

¶16 Shortly thereafter, Hoots filed a *pro se* "Motion for Reversal of Judgement and Dismissal of Complaint Without Prejudice." In this Motion, Hoots presented, *inter alia*, vague claims that he had received ineffective assistance of counsel and been subjected to denial of due process and equal protection. Along with this Motion, Hoots also filed a purported affidavit, which contained similar contentions. The State filed a response, to

6

which Hoots replied.  Hoots also filed a *pro se* "Motion Contesting Written Judgment From Oral Sentencing."  In this Motion, Hoots presented a vague argument regarding the amount of credit granted against his sentence based on prior time served.  Further, Hoots complained about the fact that he did not receive a suspended sentence.  The District Court ruled that it was divested of jurisdiction to rule on Hoots' post-judgment motions because Hoots had filed a Notice of Appeal.

¶17     While Hoots filed his Notice of Appeal *pro se*, he is represented by counsel from the Appellate Defender's Office on appeal.

## DISCUSSION

¶18     **1.  Did the District Court err in finding that Hoots failed to present seemingly substantial complaints about his counsel?**

¶19     When first presented with allegations of ineffective assistance of counsel, a district court must make an adequate initial inquiry into the nature of those complaints and determine if they are seemingly substantial.  *State v. Gallagher*, 1998 MT 70, ¶ 15, 288 Mont. 180, ¶ 15, 955 P.2d 1371, ¶ 15.  Only if the court concludes the defendant has presented seemingly substantial complaints about adequate counsel must it then hold a hearing to address the validity of those complaints.  *Gallagher*, ¶ 15 (citing *City of Billings v. Smith* (1997), 281 Mont. 133, 141, 932 P.2d 1058, 1063).

¶20     As noted *supra*, Hoots claimed that he was not receiving adequate representation from Molyneaux and indicated that he would like another attorney to represent him.  The District Court conducted an inquiry into Hoots' claim and concluded that he had presented no

seemingly substantial complaints. Accordingly, the District Court did not hold another hearing to address the validity of those complaints.

¶21    On appeal, Hoots concedes that the District Court's initial inquiry regarding his claims was adequate. However, Hoots argues that the court erred in concluding that the claims were not seemingly substantial. Further, Hoots argues that we should "reverse for a hearing to determine the validity of his complaints." The State argues that Hoots waived the opportunity to make these arguments on appeal when he entered his *Alford* plea. We agree.

¶22    It is well settled that a plea of guilty which is voluntary and understandingly made constitutes a waiver of non-jurisdictional defects and defenses, including claims of constitutional violations which occurred prior to the plea. *State v. Spotted Blanket*, 1998 MT 59, ¶ 15, 288 Mont. 126, ¶ 15, 955 P.2d 1347, ¶ 15 (citing *Stilson v. State* (1996), 278 Mont. 20, 22, 924 P.2d 238, 239). An *Alford* plea gives rise to the same waiver as a guilty plea. *Spotted Blanket*, ¶ 15 (citing *State v. Butler* (1995), 272 Mont. 286, 291, 900 P.2d 908, 911). While Hoots claims that he did not enter his plea voluntarily, we conclude, as explained *infra*, that this claim is not properly raised on appeal.

¶23    We conclude that Hoots' *Alford* plea precludes him from challenging the District Court's finding on appeal. Accordingly we decline to address the merits of his arguments.

*¶24*    ***2. May Hoots withdraw his Alford plea?***

¶25    After entering his *Alford* plea, Hoots did not request to withdraw it at any time during the proceedings *sub judice*. On appeal, he argues that we "should allow him to withdraw his guilty plea and proceed to trial with new counsel." In supporting this argument, Hoots claims that his "guilty plea was not voluntary, because he was forced to plead guilty after the district court denied his requests for new counsel." Further, Hoots asserts that he pled "guilty to avoid going to trial with an attorney with whom he could not communicate." The State argues that we should not address these arguments because they are raised for the first time on appeal.

¶26    In justifying his failure to raise this issue below, Hoots argues that the District Court led him to reasonably believe he could raise his complaints about counsel on appeal. He asserts "the court seemed to indicate that Hoots could go ahead and enter an Alford plea and maintain his previous reservations about counsel." We find no support for this contention in the record. The District Court thoroughly explained the consequences of Hoots' plea. As a part of this explanation, the court referred to the prior "fairly lengthy discussion" regarding Hoots' complaints about Molyneaux's representation. The court then specifically asked Hoots whether he was willing to give up his right to subsequently raise any of those complaints. In response, Hoots plainly indicated his willingness to relinquish the complaints.

¶27    Hoots also argues that his "post-plea motions should have been treated as motions to withdraw his guilty plea." In support of this contention, Hoots notes that he reiterated his complaints about counsel in these motions. Further, Hoots cites our holding that "the

9

substance of a document controls, not its caption." *Mallak v. State*, 2002 MT 35, ¶ 15, 308 Mont. 314, ¶ 15, 42 P.3d 794, ¶ 15 (citing, *inter alia*, *Miller v. Herbert* (1995), 272 Mont. 132, 136, 900 P.2d 273, 275). After reviewing the record, we conclude that Hoots' motions do not contain anything which could reasonably be construed as a request to withdraw his plea.

¶28 We have held that a request to withdraw an *Alford* plea must be first raised in district court. *Butler*, 272 Mont. at 292, 900 P.2d at 912 (citing *State v. Radi* (1991), 250 Mont. 155, 159, 818 P.2d 1203, 1206). Because Hoots did not request to withdraw his plea in the District Court, we must decline to address his arguments regarding the propriety of his plea.

¶29 ***3. Is Hoots entitled to credit against his fines for time spent in pre-trial incarceration prior to his probation revocation?***

¶30 Section 46-18-403, MCA (2001), provides:

> **Credit for incarceration prior to conviction.** (1) Any person incarcerated on a bailable offense and against whom a judgment of imprisonment is rendered must be allowed credit for each day of incarceration prior to or after conviction, except that the time allowed as a credit may not exceed the term of the prison sentence rendered.
> (2) Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of the offense must be allowed a credit for each day of incarceration prior to conviction, except that the amount allowed or credited may not exceed the amount of the fine. The daily rate of credit for incarceration must be established annually by the board of county commissioners by resolution. The daily rate must be equal to the actual cost incurred by the detention facility for which the rate is established.

¶31 We have held that a sentencing court has no discretion in applying § 46-18-403, MCA (2001), and "must employ both subsections and give the defendant credit for each day of

incarceration against both the sentence and any fine imposed." *State v. Fisher*, 2003 MT 33, ¶ 13, 314 Mont. 222, ¶ 13, 65 P.3d 223, ¶ 13.

¶32    As noted *supra*, at the sentencing hearing the District Court imposed a $1,000.00 fine pursuant to Hoots' conviction on Count I of the Information, a $500.00 fine pursuant to Hoots' conviction on Count II, and a $350.00 fine pursuant to Hoots' conviction on Count III.

¶33    The court's written Judgment specifies the $350.00 fine pursuant to Hoots' conviction on Count III. However, it does not specify the $500.00 fine or the $1,000.00 fine orally pronounced as to the other two counts. Rather, the Judgment subsequently states, with no explanation, that if Hoots is paroled he "shall pay a fine in the TOTAL amount of ONE THOUSAND DOLLARS ($1000.00), which shall be credited to the GENERAL FUND." Further, the Judgment fails to provide for monetary credit against Hoots' fines as required by § 46-18-403(2), MCA (2001).

¶34    Hoots argues that pursuant to § 46-18-403(2), MCA (2001), he is entitled to monetary credit against his fines for each day he spent in pre-trial incarceration from the date of his arrest in April of 2002 until the revocation of his probation for a previous offense in November of 2002. The State acknowledges the District Court's failure as specified by Hoots and concedes that this case should be remanded for re-sentencing consistent with the statutory mandate.

¶35    Accordingly, we reverse the District Court's written Judgment in this regard and remand for modification of the written judgment to conform to the oral pronouncement made

11

at the sentencing hearing, *see State v. Malloy*, 2004 MT 377, ¶ 16, 325 Mont. 86, ¶ 16, 103 P.3d 1064, ¶ 16, as well as re-sentencing consistent with § 46-18-403(2), MCA (2001).

## CONCLUSION

¶36    We affirm in part, reverse in part, and remand for modification of the written judgment to conform to the oral pronouncement made at the sentencing hearing, and re-sentencing consistent with § 46-18-403(2), MCA (2001).


/S/ JAMES C. NELSON


We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER