DA 12-0353

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 292N

STATE OF MONTANA,

       Plaintiff and Appellee,

v.

THOMAS JEFFERSON PETERSEN,

       Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDC 2011-157
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Wade Zolynski, Chief Appellate Defender; Kristen L. Larson, Assistant
          Appellate Defender; Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General; Micheal S. Wellenstein,
          Assistant Attorney General; Helena, Montana

          Leo J. Gallagher, Lewis and Clark County Attorney; Helena, Montana

Submitted on Briefs:  September 26, 2013
Decided:  October 8, 2013

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 The State charged Thomas Jefferson Petersen in the First Judicial District Court, Lewis and Clark County, with driving a motor vehicle while under the influence of alcohol or drugs, a felony, in violation of § 61-8-401, MCA, and unlawful possession of an open alcoholic beverage container in a motor vehicle, a misdemeanor, in violation of § 61-8-460, MCA. These offenses were committed on or about October 18, 2010.

¶3 Petersen was assigned a public defender and entered pleas of not guilty. Trial was held December 13, 2011, and the jury found Petersen guilty of both charges. On the DUI offense, the District Court sentenced him to the Montana Department of Corrections for 13 months, followed by a 5-year suspended sentence. On the open-container charge, the court imposed a $100 fine and surcharges of $75. Petersen now appeals.

**Issue 1**

¶4 The first issue Petersen raises is that the District Court did not conduct an adequate initial inquiry into his pretrial request for new counsel. Petersen sent a letter to the court, dated December 9, 2011, expressing "a great deal of concern about my counsel." He alleged that counsel was not ready for trial and did not seem to want to defend him. Petersen asserted that he had asked counsel to do "several things" for him, but that counsel had refused to do them and had threatened Petersen. Petersen opined that if

2

counsel was working on his case at all, "it is not for my side." He stated that he had lost all trust in his counsel and asked to be provided with new counsel.

¶5 On the morning of trial, outside the presence of the prospective jurors and the prosecutor, the District Court acknowledged receipt of Petersen's letter but noted that Petersen had failed to provide "anything specific" in the letter. Petersen replied that his "specific" concern related to the bottle of whiskey found in the van he had been driving when he was stopped. He claimed the bottle had not been fingerprinted, and he opined that one or more police officers had lied or tampered with evidence. The court observed that Petersen could make this argument to the jury, but that it was not a sufficient basis for replacing his counsel. The court asked Petersen's counsel (Morgan) directly whether he was prepared for trial, and Morgan stated that he was.

¶6 The District Court then advised Petersen that he had a right to counsel, but not a right to pick his counsel. The court found that, "at least from what has been presented here, [Morgan] is providing you with a defense." The court told Petersen that he could either proceed with Morgan or represent himself. The court apprised Petersen of the "dangers and disadvantages" of representing himself. The court noted that it had reviewed the file and "it looks like a tough case for the defense." Morgan also interjected during this colloquy that "it's very dangerous to proceed pro se" and "my advice, on the record, is that that's not an appropriate move."

¶7 Petersen indicated that he did not want to represent himself. He maintained, however, that he had the right to put on a defense and call witnesses. In addition to the fingerprinting issue mentioned above, he complained that "I see no witnesses here on my

3

behalf. They never even asked me about witnesses, so I assumed they were doing some sort of investigation." The District Court asked Petersen whether he had some witnesses he wanted to call, and the following colloquy ensued:

> THE DEFENDANT: Well, I certainly think that the little gal that works at the AAA Towing should be called, because when they towed the van, they thought it was for a wreck, and it was impounded. And the officer said it wasn't impounded. And stuff was missing. And she was fired within the next week, anyway.
> There's a lot of strange things --
> THE COURT: How is that relevant to whether you were driving under the influence?
> THE DEFENDANT: I -- I was not driving under the influence, Your Honor.
> THE COURT: How is that relevant to whether or not you were driving under the influence?
> THE DEFENDANT: It was a frame-up, in my opinion, Your Honor. I had nothing to drink since about 2:00, and I had two beers and that's it. Nothing.
> THE COURT: And you had a breath test and a blood test that came back over .20.
> THE DEFENDANT: And I think that's a question, too.
> THE COURT: Well, I think we're going to proceed with the trial at this point, Mr. Morgan.
> MR. MORGAN: That's fine, Your Honor.
> THE COURT: Mr. Morgan will be representing you. If you determine that you want to take over your defense, we can talk about that later. But at least for voir dire, Mr. Morgan is going to be representing you. You have not stated sufficient reason in my presence to not have him represent you.

¶8 A criminal defendant has a constitutional right to effective assistance of counsel, and indigent defendants are entitled to representation by appointed counsel at the public's expense. *State v. Dethman*, 2010 MT 268, ¶ 15, 358 Mont. 384, 245 P.3d 30. The right to effective assistance of counsel does not grant defendants a right to counsel of their choice, however. *State v. Holm*, 2013 MT 58, ¶ 18, 369 Mont. 227, 304 P.3d 365. So

4

long as appointed counsel is rendering effective assistance, a defendant may not demand dismissal or substitution of counsel simply because he or she lacks confidence in, or does not approve of, his or her appointed counsel. *Dethman*, ¶ 15.

¶9 When a defendant complains about ineffective assistance of appointed counsel and requests new counsel, a district court must make "adequate initial inquiry" as to whether the defendant's allegations are "seemingly substantial." *Dethman*, ¶ 16. A district court conducts an "adequate initial inquiry" when it considers the defendant's factual complaints together with counsel's specific explanations and makes some sort of critical analysis of the complaint. *Dethman*, ¶ 16. The defendant has the burden of establishing a "seemingly substantial" complaint. *See Dethman*, ¶ 16.

¶10 Here, Petersen notably waited until four days before trial to register what appear to be longstanding complaints about his counsel. The gist of Petersen's complaints was that the charges against him were the product of a "frame-up" and that his counsel was either unprepared for trial or working for the prosecution. Petersen proffered no material facts to substantiate these allegations, however. Nor did he provide any basis for disbelieving Morgan when Morgan stated to the judge that he was prepared for trial. Petersen failed to identify any witnesses whom Morgan could have called to provide relevant testimony, and Petersen failed to provide any credible reason for concluding that Morgan may have been ineffective in not having the whiskey bottle fingerprinted. Petersen also did not allege a total breakdown of communication with counsel. *See Dethman*, ¶ 16. Petersen's complaints, in short, lacked any specific factual support.

¶11 Petersen contends that under *Dethman*, ¶ 16, the District Court was required to obtain defense counsel's specific explanations regarding Petersen's complaints. That is not what *Dethman* says, however. The court was required to conduct a "critical analysis" of Petersen's complaints. *Dethman*, ¶ 16. Petersen's complaints about "frame-ups" and conspiracies by the police, the prosecution, and his own counsel were utterly groundless. There was no need for the court to obtain explanations from Morgan. We conclude that the District Court did not abuse its discretion in denying Petersen's request to substitute counsel. *Dethman*, ¶ 11.

## Issue 2

¶12 As a second issue on appeal, Petersen challenges the District Court's imposition of a condition (on his suspended sentence) that he pay the costs of assigned counsel in the amount of $800. *See* § 46-8-113, MCA. Petersen contends that the court's "implicit" finding that he had the ability to pay this amount is clearly erroneous. Petersen did not raise this objection in the District Court, however, and we generally refuse to review on appeal an issue to which the party failed to object in the trial court. *State v. Kotwicki*, 2007 MT 17, ¶ 8, 335 Mont. 344, 151 P.3d 892. Just as a sentencing court's outright failure to consider the defendant's ability to pay must be brought to the court's attention in order to preserve the issue for appeal, *Kotwicki*, ¶¶ 21-22, so must a sentencing court's reliance on allegedly erroneous factual findings about the defendant's ability to pay.

## Issue 3

¶13 As a final matter, Petersen contends that the District Court's written judgment does not conform to the oral pronouncement of sentence in that the written judgment does

6

not credit Petersen's misdemeanor fine with time served as the court orally ordered. The State concedes this claim. Petersen also contends that the District Court lacked statutory authority to order Petersen to pay $75 in surcharges for his misdemeanor open-container conviction. The State likewise concedes this claim. We accordingly reverse the $75 surcharge and remand with instructions to strike this illegal component of Petersen's sentence. *State v. Heafner*, 2010 MT 87, ¶ 11, 356 Mont. 128, 231 P.3d 1087. We also remand with instructions to modify the written judgment to reflect that Petersen's $100 misdemeanor fine is credited with time served. *State v. Hoots*, 2005 MT 346, ¶ 35, 330 Mont. 144, 127 P.3d 369.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. As to Issue 1, Petersen has not shown an abuse of discretion in the District Court's denial of his request to substitute counsel. As to Issue 2, Petersen failed to preserve the issue for appellate review. As to Issue 3, we reverse in part and remand for corrections to Petersen's sentence as specified above in ¶ 13.

¶15 Affirmed in part, reversed in part, and remanded with instructions.


/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS