DA 19-0334

FILED

10/06/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0334

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2020 MT 255N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

CECIL LEE RUSSELL,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC 18-125(B)
Honorable Robert B. Allison, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Cecil Lee Russell, Self-Represented, Amarillo, Texas

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Roy Brown, Assistant
Attorney General, Helena, Montana

          Travis Ahner, Flathead County Attorney, Alison Howard, Deputy County
Attorney, Kalispell, Montana

Submitted on Briefs:  August 12, 2020

Decided:  October 6, 2020

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Defendant Cecil Lee Russell appeals from the May 17, 2019 Judgment and Sentence of the Eleventh Judicial District Court, Flathead County, following his conviction of Failure to Register as a Sexual or Violent Offender, a felony, in violation of § 46-23-504, MCA. Russell argues on appeal that: (1) the District Court lacked jurisdiction to enter judgment; and (2) Russell's standby counsel was ineffective regarding entrance of his plea. We affirm.

¶3 On March 5, 2018, the State charged Russell for failing to keep his sexual offender registration current since May 1, 2017. The State alleged Russell was convicted of a sexual offense in the State of Texas in 2008, and failed to register as a sexual offender when he moved to Flathead County, Montana.

¶4 At his arraignment, Russell's counsel argued that the District Court lacked jurisdiction because "the original charges were false and he chooses not to enter a plea at this time." The District Court entered a not guilty plea on Russell's behalf.

¶5 On March 29, 2019, Russell moved to terminate counsel's representation and proceed pro se, asserting, "[Counsel] appears to not comprehend that an information

2

predicated on falsified, fabricated allegations or on a constitutionally void and invalid judgment does not supply a district court with lawful and constitutional subject matter jurisdiction."

¶6    On April 11, 2019, the District Court held a hearing on Russell's motion. The court permitted Russell to proceed pro se but ordered his attorney to remain on the case as standby counsel. When Russell insisted that he had not been convicted of a sexual offense in Texas in 2008, the court ordered the State to produce records of the conviction within 14 days.

¶7    The State's search revealed that Russell was convicted of Indecency with a Child in Potter County, Texas in 1988, not 2008 as initially alleged. The State was granted leave to file an amended information reflecting the actual date of Russell's conviction for the registrable sexual offense.

¶8    On May 17, 2019 Russell withdrew his not guilty plea and entered an *Alford* plea to the amended information pursuant to a plea agreement. Standby counsel was present at the change of plea hearing. In the plea agreement, Russell assumed liability for failing to register; affirmed the plea was voluntary; and affirmed he was satisfied with the services of counsel. The District Court accepted the plea and sentenced Russell to the Department of Corrections for a period of 167 days with credit for all time served. No conditions were imposed, the sentence was discharged, and Russell was released immediately.

¶9 A defendant's challenge to a district court's jurisdiction is an issue of law, which we review on appeal de novo. *State v. Martz*, 2008 MT 382, ¶ 16, 347 Mont. 47, 196 P.3d 1239. "Jurisdiction refers to a court's power—as established by constitution or statute—to adjudicate a case." *State v. Spreadbury*, 2011 MT 176, ¶ 8, 361 Mont. 253, 257 P.3d 392. District courts have "original jurisdiction in all criminal cases amounting to felony." Mont. Const. art. VII, § 4(1); *Martz*, ¶ 22.

¶10 Ineffective assistance of counsel claims are mixed questions of law and fact which we review de novo. *State v. Henderson*, 2004 MT 173, ¶ 3, 322 Mont. 69, 93 P.3d 1231.

¶11 An offense committed in violation of the Sexual or Violent Offender Registration Act (SVORA) is a felony. Sections 46-23-507, 45-2-101(23), MCA. A sexual offense conviction from another state triggers the requirement to register as a sexual offender in Montana. Section 46-23-502(9)(b), MCA.

¶12 Russell argues that the District Court lacked jurisdiction to adjudicate his case. Specifically, Russell asserts no jurisdiction existed because the State lacked probable cause to charge him for failing to register for a 2008 sexual offense he did not commit.

¶13 Defects in a charging document do not deprive a district court of its power to adjudicate a case. *Spreadbury*, ¶¶ 8-10 (citing *United States v. Cotton*, 535 U.S. 625, 122 S. Ct. 1781 (2002)). A district court may allow the State's information to be amended if accompanied by an affidavit showing the existence of probable cause to support the charge. Section 46-11-205, MCA.

¶14 The error in the State's original information alleging a 2008 conviction did not deprive the District Court of jurisdiction. The District Court properly allowed the State to cure its error by filing amended charging documents and notice of the valid judgment of the 1988 conviction with the District Court. *See* § 46-11-205, MCA. Accordingly, the State's amended information established probable cause to charge Russell for failing to maintain his registration for his 1988 sexual offense conviction.

¶15 Russell also argues the 1988 Texas conviction is "null, void and invalid" and therefore does not qualify as a sexual offense requiring registration in Montana. The basis upon which Russell makes this contention is not entirely clear since Russell attached a copy of the judgment reflecting his conviction to his opening brief. We regard Russell's 1988 conviction presumptively valid, giving full faith and credit to final judgments rendered by foreign states. *State v. Barrett*, 2015 MT 303, ¶ 11, 381 Mont. 299, 358 P.3d 921.

¶16 Russell argues his standby counsel was ineffective for failing to adequately investigate the validity of his 1988 conviction, which formed the basis of his requirement to register. To succeed on an ineffective assistance claim, a defendant must establish both elements of a two-part test. *Henderson*, ¶ 4 (citing *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984)). The defendant must show that (1) his counsel's performance was deficient, and (2) he was prejudiced by his counsel's deficient performance. *Henderson*, ¶ 4. "Because a defendant must prove both prongs, an insufficient showing under one prong eliminates the need to address the other." *Sartain v. State*, 2012 MT 164,

¶ 11, 365 Mont. 483, 285 P.3d 407 (citing *Whitlow v. State*, 2008 MT 140, 343 Mont. 90, 183 P.3d 861).

¶17 To establish prejudice under the second prong of the test, in the context of guilty pleas, the defendant must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Henderson*, ¶ 9. "The prejudice analysis takes into account the potential strength of the state's case, as well as the likelihood of success of the actions counsel failed to take." *Henderson*, ¶ 9.

¶18 Russell proceeded pro se in entering his *Alford* plea. To the extent his standby counsel offered any advice, Russell fails to provide any record evidence or substantive argument that he would have insisted on going to trial but for his counsel's performance. Instead, Russell admits he chose to enter the *Alford* plea "just to get out of jail and flee Montana." Given Russell's statement and counsel's limited role in the proceedings, even if we were to assume, for the sake of argument, that Russell's standby counsel was deficient, Russell has failed to establish that he was prejudiced.

¶19 Finally, to the extent Russell raises various other claims, they are waived by the plea agreement. "A guilty plea that is voluntary and intelligent constitutes a waiver of nonjurisdictional defects and defenses." *Ellenburg v. Chase*, 2004 MT 66, ¶ 21, 320 Mont. 315, 87 P.3d 473. "An *Alford* plea gives rise to the same waiver as a guilty plea." *State v. Hoots*, 2005 MT 346, ¶ 22, 330 Mont. 144, 127 P.3d 369. We find nothing in the record indicating Russell's plea was entered involuntarily.

6

¶20    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our ordered Internal Operating Rules, which provides for memorandum opinions.    In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.    Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ INGRID GUSTAFSON
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE